NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK IV TRANSPORTATION & LOGISTICS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BOWMAN SALES AND EQUIPMENT CO.,<br><br>　　　　　Defendants. | Civil Action No. 16-cv-01310 (KSH)(CLW)<br><br>**OPINION & ORDER** |

**WALDOR, United States Magistrate Judge.**

　　Before the Court is Defendant Bowman Sales and Equipment Co.'s ("Bowman") motion to set aside entry of default for failure to answer or otherwise respond to the complaint. Plaintiff Mark IV Transportations & Logistics, Inc., ("Mark IV") opposes the motion and cross moves for default judgment against Bowman. For the reasons set forth below, Defendant's motion to set aside entry of default is granted and Plaintiff's cross motion for default judgment is denied.

**I.　　Background**

　　Bowman, a lessor of shipping equipment, contracted to lease approximately thirty shipping trailers to Mark IV, a delivery company. Compl., Dkt. No. 1, ¶¶ 6-8, 14. At some point during the lease, Mark IV became overdue on rents owed to Bowman, and Bowman repossessed one of the trailers. *Id.* ¶¶ 15-19. Mark IV's claims arise out of the repossession, and the basis of the dispute is whether the repossession was in contravention of the Master Lease Agreement ("the Agreement") between Bowman and Mark IV. *Id.*

　　On March 17, 2016, Mark IV served Bowman with the complaint and summons. Paugh Aff., Dkt. No. 4. In accordance with Rule 12 of the Federal Rules of Civil Procedure, the twenty-one day deadline to file an answer or otherwise respond to the complaint passed after April 7. On

May 4, Mark IV moved for entry of default. Dkt. No. 6. The Clerk entered default on May 6. Dkt. No. 7. On May 20, Bowman filed the present motion to set aside the entry of default and file an answer. Dkt. No. 8.

## II.  Legal Standard

"The court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), and, in particular, the Court considers the following in deciding a motion to set aside an entry of default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Courts consider these same factors in deciding a motion to open default judgment, but the standard for deciding whether to side aside entry of default, as the Court does here, is more lenient. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982)). Motions to set aside entry of default should be considered liberally so that cases may be decided on the merits. *See Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

## III.  Discussion

### A. Meritorious Defense

Whether the defendant provides a meritorious defense is the threshold issue in setting aside entry of default. *Lentini v. Ruggiero*, 2013 WL 5913683, at *3 (D.N.J. October 31, 2013); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (finding same when factors applied to default judgment). In deciding the issue, courts look to whether the defendant has "set forth with some specificity the grounds for his defense," and "then look at the substance of that defense to determine whether it is meritorious." *Starlight*, 175 F. App'x at 522 (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Courts do not,

however, decide the legal issue at this stage. *Id.* (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). A meritorious defense is shown when a defendant's "allegations, if established at trial, would constitute a complete defense." *United States v. $55, 518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d. Cir. 1984).

Mark IV presents four claims: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) negligent and intentional misrepresentation, (4) and unjust enrichment. Compl., Dkt. No. 1., at 7-9. Ordinarily a defendant would be required to show a meritorious defense to each claim separately. In this case, however, all four claims are based on Mark IV's contention that Bowman repossessed the leased equipment in contravention of the Agreement. *Id.* ¶¶ 8-53. If Bowman demonstrates that it did not violate the Agreement when it repossessed equipment, then it will have sufficiently presented a complete defense. *See, e.g.*, *Tozer v. Krause*, 189 F.2d 242, 244 (3d Cir. 1951) (holding that, where defendant's proposed answer pointed to evidence suggesting there was disagreement over terms of contract, defendant sufficiently set forth grounds for a complete defense).

Mark IV alleges that Bowman violated the Agreement when it repossessed equipment without first providing notice of overdue payments to Mark IV. Compl. ¶ 17. In its proposed answer, Bowman denies that it failed to provide notice in accordance with the terms of the Agreement. Dkt. No. 8, Ex. A, ¶ 17. Bowman also attaches a copy of an overdue payment notice and an Affidavit of Todd Bowman stating that the notice was sent to Mark IV in advance of the repossession. Dkt. No. 12, Attach. 1. Consequently, the Court finds that Bowman has sufficiently set forth grounds for a meritorious defense to Mark IV's claims.

- 4 -

### B. Prejudice

A plaintiff is prejudiced where its "ability to pursue the claim has been hindered." *Starlight*, 175 F. App'x at 523-24 (internal quotations omitted). This occurs where, for example, there is "loss of available evidence, increased potential for fraud or collusion, or substantial reliance on the judgment." *Id.*; *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984) (finding prejudice where defendant's lack of answer threatened plaintiffs with having claim barred completely by statute of limitations). It has also been held that "[d]elay in realizing satisfaction on a claim rarely serves to establish a sufficient degree of prejudice." *Starlight*, 175 F. App'x at 523-24 (internal quotations omitted).

Mark IV contends that by not filing a timely answer, Bowman prejudiced Mark IV insofar as it delayed recoupment for losses and necessitated the payment of fees for legal work related to the present motion. First, as noted above, delay is rarely insufficient to establish prejudice and, moreover, the minimal delay here resulting from failing to answer before the deadline in this case mitigates any potential prejudice. Next, the Court is not satisfied that incurring attorney's fees constitutes prejudice. On balance, such fees are not nearly as severe as the loss of available evidence, increased potential for fraud or collusion, substantial reliance upon the judgment, or the threat of a statute of limitations—none of which are reasonable risks here. Indeed, to find that fees constitute prejudice would be to find that virtually every motion to set aside entry of default should fail, since nearly every motion necessitates attorney's fees for the opposing party. Accordingly, the Court finds that Bowman's failure to file a timely response has not appreciably prejudiced Mark IV.

### C. Culpable Conduct

A defendant's conduct is culpable where it acts willfully or in bad faith. *Hritz.*, 732 F.2d at 1183. In order to establish culpable conduct, more than ordinary negligence must be shown. *Feliciano*, 691 F.2d at 657. Conduct must approach the level of "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury[.]" *Id.* Courts routinely find that parties lack culpability where the defaulting party offers a reasonable explanation or the delay is not substantial. *See, e.g.*, *Feliciano*, 691 F.2d at 657(finding defendant not culpable where defendant explained that late answer was due to falling out with original counsel); *Fetter v. TD Bank N.A.*, No. CIV.A. 12-07862 JEI, 2013 WL 3146859, at *1 (D.N.J. June 19, 2013) (finding defendant not culpable where defendant failed to answer due to administrative oversight and where there was no evidence to support conclusion that defendant acted culpably).

Bowman claims that it missed the filing date due to an administrative error. Bowman Aff., Dkt. No. 12, Attach. 1, at ¶ 3. Bowman also notes that when the error was brought to its attention it promptly retained counsel and evidenced its intent to appear. *Id.* The Court finds this explanation credible. Moreover, Mark IV points to no facts showing that Bowman's failure to answer was due to anything more than negligence, and Bowman filed its motion to set aside entry of default only fourteen days after entry. For these reasons, the Court does not find that Bowman's conduct was culpable.

### IV. Conclusion

The Court finds that Bowman presents a meritorious defense, that Bowman's failure to file a timely answer did not prejudice Mark IV, and that nothing indicated that Bowman's conduct was culpable. As a result, Bowman has successfully demonstrated good cause for setting aside the entry

of default. The Court grants Bowman's motion to set aside entry of default and denies Mark IV's cross motion for default judgment.

**ACCORDINGLY, IT IS** on this 13th day of September, 2016,

**ORDERED** that Defendant Bowman Sales and Equipment Co.'s motion to set aside entry of default is granted; and

**FURTHER ORDERED** that Defendant shall serve its answer within twenty one days; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 8.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**